UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD BAKEWELL, | Case No. 2:22-CV-911 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| STREAMING SOLUTIONS LLC, | |
| Defendant(s). | |

Presently before the court is defendant Streaming Solutions LLC ("defendant")'s motion to dismiss plaintiff Donald Bakewell ("plaintiff")'s complaint. (ECF No. 8). Plaintiff filed a response (ECF No. 14), and defendant filed a late reply (ECF No. 15).

**I.   Background**

Plaintiff, a Nevada resident, is an authorized reseller of a television streaming device manufactured in China known as the "Octastream." (ECF No. 1). As alleged in the complaint, plaintiff entered into an agreement with the company that produces the device that allows him to make use of the trademark and resell the devices for profit. (*Id.*) Pursuant to this agreement, he sold the devices through several online marketplaces, including Amazon. (*Id.*) The complaint is unclear as to the exact contours of plaintiff and Amazon's relationship, but it seems to cursorily allege that there is some sort of contract in which Amazon has agreed to list plaintiff's products on its website for resale. (*Id.*)

Plaintiff goes on to claim that defendant—a California corporation that is also an authorized reseller of the Octastream—applied for a trademark registration from the U.S. Patent and Trademark Office ("PTO") for the mark "OCTASTREAM." (*Id.*) The PTO granted that application and issued the mark even though, as plaintiff alleges, the Chinese parent company

**James C. Mahan**
**U.S. District Judge**

that manufactures the devices owns the mark, not defendant. (*Id.*) Armed with this (fraudulent) registration, defendant then contacted Amazon as the "rights owner" of the trademark and requested removal of plaintiff's products. (*Id.*) Amazon complied with that request, and, according to plaintiff, has refused to restore his listings despite proof of his license to sell the Octastream causing him to lose at least $100,000 in sales. (*Id.*)

Plaintiff now brings this suit against defendant seeking a declaration of non-infringement, cancellation of defendant's mark, damages related to fraudulent obtainment of a trademark, intentional interference with contractual relations, and a corporate defamation claim. (*Id.*) Defendant moves to dismiss the suit due to lack of personal jurisdiction. (ECF No. 8).

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a complaint for lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). To avoid dismissal under Rule 12(b)(2), a plaintiff bears the burden of demonstrating that its allegations establish a *prima facie* case for personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Allegations in the complaint must be taken as true, and factual disputes should be construed in the plaintiff's favor. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Personal jurisdiction is a two-prong analysis. First, an assertion of personal jurisdiction must comport with due process. *See Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 672 (9th Cir. 2012). Next, "[w]hen no federal statute governs personal jurisdiction, the district court applies the law of the forum state." *Boschetto*, 539 F.3d at 1015; *see also Panavision Int'l L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). However, Nevada's "long-arm" statute applies to the full extent permitted by the due process clause, so the inquiry is the same, and the court need only address federal due process standards. *See Arbella Mut. Ins. Co. v. Eighth Judicial Dist. Court*, 134 P.3d 710, 712 (Nev. 2006) (citing Nev. Rev. Stat. § 14.065); *see also Boschetto*, 539 F.3d at 1015.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Two categories of personal jurisdiction exist: (1) general jurisdiction and (2) specific jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413–15 (1984); *see also LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).

"[T]he place of incorporation and principal place of business are paradigm bases for general jurisdiction." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (quotation marks and citation omitted). A court may also assert general jurisdiction over a defendant when the plaintiff shows that "the defendant has sufficient contacts that approximate physical presence." *In re W. States Wholesale Nat. Gas Litig.*, 605 F. Supp. 2d 1118, 1131 (D. Nev. 2009) (internal quotation marks and citations omitted). In other words, the defendant's affiliations with the forum state must be so "continuous and systematic" so as to render the defendant essentially "at home" in that forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). General jurisdiction is appropriate even if the defendant's continuous and systematic ties to the forum state are unrelated to the litigation. *See Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2006) (citing *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 414–16).

Alternatively, the Ninth Circuit has established a three-prong test for analyzing an assertion of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.*, it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

The Ninth Circuit treats purposeful availment and purposeful direction as separate methods of analysis. *Wash. Shoe Co.* 704 F.3d at 672. Purposeful availment is for suits

**James C. Mahan**
**U.S. District Judge**

sounding in contract, whereas purposeful direction is for suits sounding in tort. *Schwarzenegger*, 374. F.3d at 802 (citing *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)).

### III. Discussion

The clerk of this court has previously entered a default against defendant. (ECF No. 7). Upon entry of default, factual allegations in the complaint, except those relating to damages, are deemed admitted. *See Danning v. Lavine,* 572 F.2d 1386, 1388 (9th Cir.1978). "Default does not, however, establish liability. 'On appeal, the defendant ... is entitled to contest the sufficiency of the complaint and its allegations to support the judgment.'" *Id.* (quoting *Nishimatsu Construction Co. v. Houston National Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975)). To that end, a "defaulted defendant also can defend by challenging the jurisdiction of the court to enter judgment against him. Thus, for example, a defendant in default still can challenge the validity of service of process or contest the court's exercise of personal jurisdiction over him." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 864 (11th Cir. 2007).

The parties concede that there is no general personal jurisdiction. Therefore, the court considers only specific jurisdiction.

"Copyright and trademark infringement claims, which sound in tort" are subject to the purposeful direction analysis. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020). Under the purposeful direction analysis, to satisfy the first prong of specific personal jurisdiction, the defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Wash Shoe Co.*, 704 F.3d at 673 (quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011) (internal quotation marks omitted)).

Defendant argues that nothing in the complaint indicates it expressly aimed any of its conduct at Nevada. (ECF No. 8). Plaintiff, on the other hand, argues that because defendant contacted Amazon and "intentionally interfered" with his contract, defendant should be subject to personal jurisdiction in Nevada—the state where he felt the effect of defendant's action. (ECF No. 14).

**James C. Mahan**
**U.S. District Judge**

- 4 -

Plaintiff's theory conflates defendant and Amazon. He is not suing Amazon for removing his products. He is suing a California corporation for a series of tort and trademark-adjacent claims stemming from allegedly (1) obtaining a fraudulent trademark registration and (2) using that fraudulent registration to have Amazon remove Octastream listings from its website.

Thus, cases like *Sessa v. Ancestry.com Operations Inc.*, 561 F.Supp.3d 1008 (D. Nev. 2021), are inapposite. Amazon's conduct is not in question, and whether it does business in Nevada is irrelevant. The injury complained of here is not that Amazon removed plaintiff's listings; it is that defendant lied to Amazon, harming plaintiff. The question is whether, in doing so, defendant aimed its conduct specifically toward Nevada.

The Supreme Court has held that "personal jurisdiction analysis must focus on the defendant's contacts with the forum state, not the defendant's contacts with a resident of the forum." *See Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (analyzing *Walden v. Fiore*, 571 U.S. 277 (2014)). Here, plaintiff does not allege that defendant does business in Nevada. He does not allege that defendant ever entered Nevada. He does not allege that defendant even knew he was a Nevada resident. He simply alleges that because defendant contacted Amazon, and the effect of that contact was felt in Nevada, personal jurisdiction is appropriate.

That analysis is exactly the kind of analysis that the Ninth Circuit and Supreme Court have cautioned against. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 871 U.S. at 1125. Defendant has no ties to Nevada other than the fact that plaintiff happened to reside here. The Supreme Court is clear: "[Defendant]'s relevant conduct occurred entirely in California, and the mere fact that his conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id.* at 1126.

Defendant has not expressly aimed its conduct at Nevada. This court lacks personal jurisdiction over it.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (ECF No. 8) be, and the same hereby is, GRANTED.

DATED December 21, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**